DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Terry Lee Houston, challenges the maximum sentence imposed by the Summit County Court of Common Pleas. We reverse and remand for resentencing.
 I. {¶ 2} On March 13, 2003, the Summit County Prosecutor filed a bill of information charging Mr. Houston with two separate counts: (1) sexual battery, in violation of R.C. 2907.03(A)(5); and (2) unlawful sexual conduct with a minor, in violation of R.C. 2907.04. Mr. Houston subsequently pled guilty to both counts. The trial court sentenced Mr. Houston to the maximum prison term of five years for each count; these sentences were to run concurrently. Mr. Houston timely appeals, and asserts one assignment of error for review.
 II. Assignment of Error
"As [Mr. Houston] was sentenced to the maximum prison term under Ohio [R.C.] Sections 2929.12 and 2929.14, pursuant to Ohio [R.C.] 2953.08 [an appellant] who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the [appellant]."
 {¶ 3} In his sole assignment of error, Mr. Houston avers that the trial court erroneously sentenced him to the maximum term without setting forth the requisite statutory findings to support such sentence. We agree.
 {¶ 4} An appellate court may modify a sentence or remand the matter for resentencing if it finds that the trial court clearly and convincingly acted contrary to the law. R.C. 2953.08(G)(2)(b). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477. Furthermore, as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. State v. Martin (1999),136 Ohio App.3d 355, 361.
 {¶ 5} The general purpose of the sentence imposed is "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Therefore, when sentencing the defendant, the trial court must consider factors relating to the "seriousness of the conduct" and the "likelihood of the offender's recidivism[,]" which are contained in R.C. 2929.12. R.C. 2929.12. See, also, State v. Gibson, 3rd Dist. No. 2-01-15, 2001-Ohio-2297. When addressing these factors, the trial court need not use specific language or make specific findings on the record in order to evince the required consideration of the applicable factors. State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302; State v. Neptune, 9th Dist. No. 3171-M, 2001-Ohio-1768. Rather, the trial court need only state that it considered the applicable factors of R.C. 2929.12 in arriving at its decision. See Neptune, supra. See, also, State v. Marks, 7th Dist. No. 823, 2001-Ohio-3300.
 {¶ 6} In regard to the imposition of maximum sentences, the trial court may impose maximum prison terms upon offenders falling into one of the following four categories: (1) those offenders committing the worst forms of the offense; (2) those posing the greatest likelihood of committing future crimes; (3) certain major drug offenders as set forth in R.C. 2929.14(D)(3); and (4) certain repeat violent offenders as set forth in R.C. 2929.14(D)(2). R.C. 2929.14(C).
 {¶ 7} In order for a sentence to withstand appellate scrutiny, the trial court must make a finding with respect to one of the four categories and specify its reasons for imposing the maximum sentence. R.C. 2929.19(B)(2)(e). See, also, State v. Edmonson (1999),86 Ohio St.3d 324, 329.
 {¶ 8} After a careful review of the transcript of the sentencing hearing and the judgment entry, we find that the trial court has failed to set forth the requisite findings for its imposition of the maximum sentence. To impose the maximum sentence, the trial court was required to find that Mr. Houston committed the worst form of the offense, posed the greatest likelihood of committing future crimes, or fell within one of the two special categories of certain major drug offenders or repeat violent offenders. See R.C. 2929.14(C). As the trial court has not done so, we sustain Mr. Houston's assignment of error to the extent that a maximum sentence without these findings is improper.
 III. {¶ 9} Mr. Houston's sole assignment of error is sustained. Accordingly, Mr. Houston's sentence is vacated, and his case is remanded for resentencing.
Judgment reversed and cause remanded for resentencing.
SLABY, P.J., and WHITMORE, J. CONCUR.