DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Breland Johnson has appealed the sentencing decision of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands for resentencing.
 I {¶ 2} Appellant was indicted by the Summit County Grand Jury on November 26, 2002, on the following charges: two counts of attempted murder, in violation of R.C. 2903.02(A); one count of aggravated robbery, in violation of R.C. 2911.01(A)(3); one count of aggravated burglary, in violation of R.C. 2911.11(A)(1); two counts of felonious assault, in violation of R.C. 2903.11(A)(2); one count of robbery, in violation of R.C. 2911.02(A)(2); one count of escape, in violation of R.C. 2921.34(A); one count of grand theft, in violation of R.C. 2913.02(A)(4); one count of assault, in violation of R.C. 2903.13(A); one count of petty theft, in violation of R.C. 2913.02(A)(1); and one count of aggravated menacing, in violation of R.C. 2903.21.
 {¶ 3} Pursuant to a plea agreement, journalized on April 4, 2003, Appellant pleaded guilty to two counts of attempted murder, one count of aggravated robbery, one count of aggravated burglary, one count of complicity to commit felonious assault,[1] one count of escape, and one count of assault. The two felonious assault charges, as well as the robbery, grand theft, petty theft, and aggravated menacing charges were dismissed pursuant to the plea agreement.
 {¶ 4} At Appellant's sentencing hearing, which occurred on April 30, 2003, Appellant was sentenced to ten years of incarceration for each count of attempted murder, and ten years of incarceration for the count of aggravated burglary; his sentences for these counts were to be served consecutively. The trial court failed to sentence Appellant for the crimes of aggravated robbery, complicity to commit felonious assault, escape, and assault. The trial court did, however, mention that the terms of incarceration for these four remaining crimes would run concurrently with Appellant's sentences for attempted murder and aggravated burglary.
 {¶ 5} The trial court journalized Appellant's sentences on June 4, 2003, at which time it restated the sentences imposed for the crimes of attempted murder and aggravated burglary. In that same journal entry, the trial court imposed the following additional terms of incarceration for the four remaining crimes: eight years of incarceration for aggravated robbery; eight years of incarceration for complicity to commit felonious assault; five years of incarceration for escape; and five years of incarceration for assault. These additional terms of incarceration were slated to run concurrently to his sentences for attempted murder and aggravated burglary. Appellant has timely appealed, asserting two assignments of error. We have rearranged his assignments of error for ease of analysis.
 II Assignment of Error Number Two
"The Trial Court erred in imposing sentences in its Journal entry when it did not impose sentences in the presence of [appellant] at the sentencing hearing."
 {¶ 6} In his second assignment of error, Appellant has argued that the trial court erred when it sentenced him by way of a journal entry and not at the sentencing hearing. Specifically, Appellant has argued that the sentences imposed for aggravated robbery, complicity to commit felonious assault, escape, and assault were imposed in contravention of Crim.R. 43(A), which mandates that the defendant be present when sentence is imposed. We agree.
 {¶ 7} Crim.R. 43(A) states, in pertinent part, that a "defendant shall be present at the arraignment and every stage of the trial, including * * * the imposition of sentence * * *." Crim.R. 43(A). "A trial court that imposes a sentence upon a defendant without the defendant being present, and such absence is not voluntary, commits reversible error." State v. McMillen, 9th Dist. No. 21425, 2003-Ohio-5786, at ¶ 36, citing State v.Welch (1978), 53 Ohio St.2d 47, 48.
 {¶ 8} In its appellate brief, the State agreed with Appellant and stated that this Court should remand the instant matter for re-sentencing on these four offenses. Our review of the transcript of Appellant's sentencing hearing reveals that the trial court failed to sentence Appellant for the crimes of aggravated robbery, complicity to commit felonious assault, escape, and assault at the sentencing hearing. Appellant was, however, sentenced for these convictions by way of a journal entry journalized on June 4, 2003. It is clear from the record that Appellant was not present when sentence for the four aforementioned charges was imposed. As a result, we find that the trial court erred and therefore, the sentences imposed for the crimes of aggravated robbery, complicity to commit felonious assault, escape, and assault are invalid. Appellant's second assignment of error has merit.
 Assignment of Error Number One
"The Trial Court erred in imposing more than minimum, maximum, and consecutive sentences without making the statutorily required findings and/or giving its reasons for imposing such sentences at the sentencing hearing."
 {¶ 9} In his first assignment of error, Appellant has argued that the trial court erred when it imposed more than the minimum, the maximum, and consecutive terms of incarceration for his convictions of attempted murder and aggravated burglary. Specifically, Appellant has argued that at his sentencing hearing, the trial court failed to make the statutorily required findings when it imposed more than the minimum, maximum and consecutive sentences. He has also argued that the trial court erred when it failed to state its reasons, as required by statute, for imposing maximum and consecutive sentences.
 {¶ 10} Sentencing decisions made by a trial court are reviewed under the clear and convincing standard of review. Thus, an appellate court may not modify or remand a sentencing decision imposed by the trial court unless it finds, by clear and convincing evidence, that the trial court acted contrary to the law. R.C. 2953.08(G)(2); State v. Houston, 9th Dist. No. 21551,2003-Ohio-6119, at ¶ 4. Clear and convincing evidence is evidence that produces a "firm belief or conviction as to the allegations sought to be established" in the mind of the trier of facts.State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quotingCross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 11} "When imposing a felony sentence, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 11; see, also, R.C. 2929.11(A). Therefore, a trial court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). A sentence imposed for a felony conviction must also be reasonably calculated to achieve the purposes of felony sentencing, yet not demean the seriousness of the offender's crime or the impact of his criminal conduct on the victim. R.C. 2929.11(B).
 {¶ 12} Based on our disposition of Appellant's second assignment of error, we need only address the sentences imposed by the trial court for the crimes of attempted murder and aggravated burglary. Because Appellant has presented three separate arguments, we will address each argument in turn.
More than the Minimum
 {¶ 13} We first turn to Appellant's argument that the trial court erred with it failed to make the statutorily required findings pursuant to R.C. 2929.14 when it sentenced him to more than the minimum for the crimes of attempted murder and aggravated robbery. R.C. 2929.14 specifies the basic prison terms to be imposed for felony offenders, and includes a statutory requirement that the trial court make specific findings regarding an offender and his crimes before it can impose more than the minimum sentence. R.C. 2929.14 states, in pertinent part:
"(B) * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to [R.C. 2929.14(A)], unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 14} Furthermore, "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. "`[O]n the record' mean[s] that oral findings must be made at the sentencing hearing." Comer, 2003-Ohio-4165, at ¶ 26.
 {¶ 15} Our careful review of the transcript from the sentencing hearing indicates that when the trial court sentenced Appellant to more than the minimum for attempted murder and aggravated burglary, it did not make the statutorily required findings enumerated in R.C. 2929.14(B). Specifically, it failed to state at the sentencing hearing that imposing the minimum sentence would demean the seriousness of Appellant's crimes or fail to protect the public from future crimes committed by Appellant. See, R.C. 2929.14(B). The trial court did state that, "[t]o not sentence you to prison, first of all, would demean the seriousness of the offenses and not adequately protect society from future conduct by yourself." This statement did not meet the requirements set forth in R.C. 2929.14(B)(2) or Comer because it did not speak to the term of incarceration and the trial court's decision to sentence Appellant to more than the minimum for his crimes. The trial court merely stated an underlying reason to sentence Appellant to prison. Consequently, we find that the trial court's statement did not satisfy the findings requirement as set forth in R.C. 2929.14(B) when it sentenced him to more than the minimum for his crimes of attempted murder and aggravated burglary.
Maximum Sentences
 {¶ 16} Next, we turn to Appellant's argument that the trial court failed to make the statutorily required findings pursuant to R.C. 2929.14(C) when it imposed the maximum sentence for the crimes of attempted murder and aggravated robbery. Appellant has also argued that the trial court erred when it failed to state, at the sentencing hearing and pursuant to R.C. 2929.19(B)(2)(e), its reasons for imposing maximum sentences for the three aforementioned crimes.
 {¶ 17} A trial court's requirement to make findings on the record when imposing a maximum sentence is governed by R.C.2929.14(C), which states in pertinent part, that:
"* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to [R.C. 2929.14(A)] only upon offenders who committed the worst form of the offense, upon offenders who pose the greatest likelihood of committing future crimes, [or upon certain major drug offenders and repeat violent offenders.]"
 {¶ 18} R.C. 2929.19(B)(2)(e) also states that the trial court must state its reasons for imposing the maximum sentence:
"If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by [R.C. 2929.14(A)] * * * [.]"
 {¶ 19} In the case at bar, the trial court recited Appellant's lengthy criminal history at the sentencing hearing, then stated that "[a]dditionally, the [c]ourt feels that the maximum * * * [is] appropriate * * *. It's necessary to protect the public and to punish [Appellant]. * * * [T]he [c]ourt feels you are extremely likely to re-offend as your record would indicate." We find that these statements satisfied the findings requirement enumerated in R.C. 2929.14(C).
 {¶ 20} Also at the sentencing hearing, the trial court stated that:
"[T]he [c]ourt feels you have absolutely no insight into your behavior or what it has done to your victims. [The husband], who is [eighty-three years old], suffered stab wounds to his abdomen resulting in a lacerated liver and extensive arterial bleeding. He was hospitalized for seven days with major abdominal surgery and had to have multiple blood transfusions. His wife * * * is [seventy-two years old]. She incurred stab wounds to her face and neck and was required to receive medical attention. * * * [T]hey are now afraid to go out of their house and [do] simple things like gardening[.] [T]hey're hesitant to even work in their garden for fear that something like this could happen to them again."
 {¶ 21} We find that these statements constitute reasons in support of the trial court's decision to impose maximum sentences, and therefore met the statutory requirement of R.C.2929.19(B)(2)(e). Consequently, we reject Appellant's argument that the trial court sentenced him to maximum terms of incarceration in contravention of R.C. 2929.14(C) and R.C.2929.19(B)(2)(e).
Consecutive Sentences
 {¶ 22} Finally, we turn to Appellant's argument that the trial court failed to make the statutorily required findings and reasons pursuant to R.C. 2929.14(E) and R.C. 2929.19(B)(2)(c) when it imposed consecutive sentences for the crimes of attempted murder and aggravated burglary.
 {¶ 23} A trial court's requirement to make findings on the record when it imposes consecutive sentences in governed by R.C.2929.14(E)(4), which states in pertinent part:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 24} A trial court must also "state its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c). The Ohio Supreme Court has stated that when imposing consecutive sentences, a trial court must place its statutorily required findings and reasons in support of its decision on the record at the sentencing hearing. Comer, 2003-Ohio-4165, at ¶ 20.
 {¶ 25} As previously discussed, at sentencing, the trial court recited Appellant's lengthy criminal record, then stated that consecutive sentences were necessary "to protect the public and to punish [Appellant]." The trial court also stated that consecutive sentences were "not disproportionate to [Appellant's] offenses," and "the [c]ourt feels [that Appellant is] extremely likely to re-offend as [his] record would indicate." We find that these statements satisfied the findings requirement as set forth in R.C. 2929.14(E)(4).
 {¶ 26} At the sentencing hearing, the trial court further stated that:
"What impresses the [c]ourt most about these crimes is not that they were random, violent crimes but the cruelty involved in these crimes. There was no reason in terms of stealing from the [victims] when you demanded their car keys[.] You didn't have to stab [the husband] in the stomach. You didn't have to stab [the wife] in the face and the neck. What you did was cruel * * * [.]"
 {¶ 27} The trial court then went on to pronounce specific terms of incarceration for the attempted murder and aggravated burglary convictions, concluding that "[a]ll of those sentences are to run consecutively with one another for a total of a [thirty] year prison sentence." We find that these statements met the requirements of R.C. 2929.19(B)(2)(c) that the trial court articulate reasons in support of its decision to impose consecutive sentences. Consequently, we reject Appellant's argument that the trial court sentenced him to consecutive sentences in contravention of R.C. 2929.14(E) and2929.19(B)(2)(c).
 {¶ 28} In sum, we find that the trial court failed to make the statutorily required findings when it sentenced Appellant to more than the minimum for the crimes of attempted murder and aggravated burglary. We further find that the trial court did make the required findings and presented sufficient reasons in support of those findings when it sentenced Appellant to maximum terms of incarceration and concurrent terms of incarceration for the crimes of attempted murder and aggravated burglary. As a result, Appellant's first assignment of error regarding the imposition of more than the minimum has merit. Appellant's first assignment of error regarding the imposition of maximum and consecutive sentences is without merit.
 III {¶ 29} Appellant's first assignment of error is sustained in part and reversed in part. Appellant's second assignment of error is sustained. The judgment of the trial court is reversed and cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Carr, P.J. and Batchelder, J., concur.
[1] Appellant was originally indicted for robbery. Pursuant to a plea agreement, the robbery charge in the indictment was amended to the lesser included offense of complicity to commit felonious assault, a violation of R.C. 2903.11(A)(2), to which Appellant pleaded guilty.