DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Patrick Geiger has appealed his sentence for felonious assault and kidnapping imposed by the Summit County Court of Common Pleas. This Court reverses.
 I {¶ 2} On March 12, 2004, Appellant was convicted by a jury of one count of felonious assault, in violation of R.C. 2903.11(B)(1); one count of kidnapping, in violation of R.C. 2905.01(A)(4); and one count of abduction, in violation of R.C. 2905.02(A)(2). His conviction stemmed from the abduction and kidnapping of G.G. ("victim") in August of 2003. Appellant was convicted of felonious assault because he is HIV-positive and did not inform the victim that he was HIV-positive prior to engaging sexual conduct with the victim.
 {¶ 3} Appellant was sentenced to a term of four years incarceration as a result of his kidnapping conviction and six years incarceration as a result of his felonious assault conviction. Upon Appellant's motion, the trial court merged the abduction conviction into the kidnapping conviction. As a result of the merger, the trial court declined to sentence Appellant on the abduction conviction. The trial court ordered that the sentences for kidnapping and felonious assault be served consecutively.
 {¶ 4} Appellant has timely appealed the trial court's sentencing decision, asserting one assignment of error.
 I Assignment of Error Number One
"The trial court erred in sentencing appellant to more than a minimum term of imprisonment, in imposing consecutive sentences, and in failing to advise appellant of parole board requirements and supervision."
 {¶ 5} In his sole assignment of error, Appellant has argued that the trial court erred when it sentenced him for his convictions of kidnapping and felonious assault. Specifically, Appellant has argued that the trial court erred when it sentenced him to more than the minimum and imposed consecutive sentences. He has also argued that the trial court erred when it failed to advise him of the potential consequences of misconduct while in prison and that he was subject to post-release control upon his release from prison.
 {¶ 6} Sentencing decisions made by a trial court are reviewed under the clear and convincing standard of review. State v. Johnson, 9th Dist. No. 21665, 2004-Ohio-1231, ¶ 10. Thus, an appellate court may not modify or remand a sentencing decision imposed by the trial court unless it finds by clear and convincing evidence that the trial court acted contrary to the law. R.C. 2953.08(G)(2); see, also, State v. Houston, 9th Dist. No. 21551, 2003-Ohio-6119, at ¶ 4. Clear and convincing evidence is evidence that produces a "firm belief or conviction as to the allegations sought to be established" in the mind of the trier of facts.State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 7} "When imposing a felony sentence, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 11; see, also, R.C. 2929.11(A). Therefore, a trial court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). A sentence imposed for a felony conviction must also be reasonably calculated to achieve the purposes of felony sentencing, yet not demean the seriousness of the offender's crime or the impact of his criminal conduct on the victim. R.C. 2929.11(B).
More than the Minimum
 {¶ 8} We first turn to Appellant's argument that the trial court erred with it failed to make the statutorily required findings pursuant to R.C. 2929.14 when it sentenced Appellant to more than the minimum for the crimes of kidnapping and felonious assault. In response, the State has argued that the trial court made the required findings when it imposed more than the minimum sentence for both offenses.
 {¶ 9} R.C. 2929.14 specifies the basic prison terms to be imposed for felony offenders, and includes a statutory requirement that the trial court make specific findings regarding an offender and his crimes before it can impose more than the minimum sentence. R.C. 2929.14 states, in pertinent part:
"(B) [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to [R.C. 2929.14(A)], unless one or more of the following applies:
"(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
"(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 10} Furthermore, "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson
(1999), 86 Ohio St.3d 324, 326. As used in R.C. 2929.14(B)(2), "`on the record' mean[s] that oral findings must be made at the sentencing hearing." Comer at ¶ 26.
 {¶ 11} In the instant matter, Appellant has argued that the trial court only "indirect[ly] reference[d]" the statutorily required findings that the minimum sentence for kidnapping would demean the nature and seriousness of the offense. He has further argued that the trial court failed to make any of the required findings in support of its imposition of more than the minimum sentence for his conviction of felonious assault.
 {¶ 12} This Court has previously held that "an error must be brought to the attention of the trial court at a time when it may be corrected and may not be raised for the first time on appeal." State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 27, citing State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522. In Riley, the Defendant-Appellant argued that the trial court erred when it sentenced him to more than the minimum term of incarceration because the trial court failed to make the requisite findings on the record at the sentencing hearing. Riley at ¶ 24. The record revealed that Appellant and his attorney were present at the sentencing hearing and had the opportunity to bring any alleged error to the attention of the trial court. Id at ¶ 28. The record further revealed that Appellant did not timely object to the trial court's alleged failure to make the requisite findings when imposing more than the minimum term of incarceration. Id. As a result of Appellant's failure to timely object to the trail court's alleged failure to make the statutorily required findings at the sentencing hearing, we held that Appellant waived any such argument on appeal. Id at ¶ 32.
 {¶ 13} In the instant matter, Appellant has presented the same argument as did the Defendant-Appellant in Riley, namely that the trial court erred when it failed to make the statutorily required findings when imposing more the minimum term of incarceration. Furthermore, just as inRiley, Appellant and his attorney were present at the sentencing hearing and failed to timely object to the trial court's alleged failure to make the requisite findings when imposing more than the minimum term of incarceration. As a result, we find that Appellant has waived the argument that the trial court erred in this regard.
Consecutive Sentences
 {¶ 14} Appellant next has argued that the trial court erred when it failed to state its reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c). The State has argued that the trial court did state in reasons in support of consecutive sentences as required by R.C. 2929.19(B)(2)(c).
 {¶ 15} R.C. 2929.19(B)(2)(c) states that if the trial court imposes consecutive sentences pursuant to R.C. 2929.14, it must state "its reasons for imposing the consecutive sentences[.]"
 {¶ 16} Turning again to the transcript of the sentencing hearing, the trial court addressed Appellant directly and stated the following just prior to imposing sentence:
"* * * The death sentence you may have inflicted on [the victim] is certainly possible. You know now your status and you knew it many years before this happened; and I don't know how many other people you had unprotected sex with, but apparently you disregard the fact that there's no treatment for HIV."
 {¶ 17} The foregoing statement clearly sets forth the trial court's reasons for imposing consecutive sentences. The trial court was obviously moved by the fact that the victim might contract HIV/AIDS as a result of the sexual conduct that occurred between the victim and Appellant. The trial court was also clearly moved by Appellant's exhibited attitude of indifference about infecting unsuspecting sex partners with HIV. Based on the foregoing, this Court concludes that the trial court stated its reasons for imposing consecutive sentences upon Appellant in compliance with R.C. 2929.19(B)(2)(c).
Prison and Post Release Control
 {¶ 18} Appellant next has argued that the trial court erred when it failed to inform him of the consequences of misbehavior while in prison; the requirement of post-release control; and the consequences of criminal conduct under postrelease control. In response, the State has countered that Appellant's argument regarding misconduct in prison fails because Appellant has essentially attacked Ohio's "bad time" statute which was held unconstitutional in State ex rel. Bray v. Russell (2000),89 Ohio St.3d 132, 136. The State has agreed with Appellant on both matters relating to post-release control.
 {¶ 19} Appellant first has argued that the trial court erred when it failed to notify him, pursuant to R.C. 2929.19(B)(3)(b), of the consequences of bad behavior while in prison. R.C. 2929.19(B)(3)(b) states, in pertinent part, that when imposing sentence, the trial court shall "[n]otify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term." R.C. 2929.19(B)(3)(b).
 {¶ 20} Three appellate districts across the State of Ohio have addressed the issue of whether or not the post-release control notice requirements of R.C. 2929.19(B)(3)(b) are impacted by the holding ofBray. The Eleventh and Twelfth Districts held that, because "bad time" was unconstitutional pursuant to Bray, the challenge of a trial court's sentencing decision due to failure to satisfy the notification requirement in R.C. 2929.19(B)(3)(b) was moot. State v. Honzu, 11th Dist. No. 2001-T-0005, 2002 Ohio App. LEXIS 1203, at *5; State v.Johnson, 12th Dist. No. CA2000-11-089, 2001 Ohio App. LEXIS 4726, at *9. The Eighth District used the same rationale to conclude that the trial court's failure to satisfy the notification requirement of R.C.2929.19(B)(3)(b) was "harmless." State v. Woods, 8th Dist. No. 77713, 2001 Ohio App. LEXIS 1151, at *14. This Court agrees with the conclusions of both the Eleventh and Twelfth Districts and concludes that because "bad time" is unconstitutional, the notification requirement as set forth in R.C. 2929.19(B)(3)(b) is moot. It follows that Appellant's argument that the trial court erred when it failed to notify him pursuant to R.C.2929.19(B)(3)(b) of the consequences of bad behavior while in prison is moot.
 {¶ 21} Appellant next has argued that the trial court erred when it failed to inform him that he was subject to post-release control and the consequences of criminal conduct while on post-release control. He has further argued that these omissions violated R.C. 2929.19(B)(3)(c) 
(e). The State has agreed with Appellant's assertions on these issues.
 {¶ 22} R.C. 2929.19(B)(3)(c) requires that the trial court "notify an offender who is convicted of a second degree felony that following his release from prison he will be subject to a period of post-release control." State v. Martin (June 13, 2001), 9th Dist. No. 20292, at 4. (Citation omitted). The trial court must also "notify the offender of the ramifications of violating a post-release control sanction." Id.
 {¶ 23} Our review of the record reveals that Appellant was convicted of kidnapping, a first degree felony, and felonious assault, a second degree felony. Upon review of the transcript from the sentencing hearing, we must concur with both Appellant and the State. This Court finds that the trial court failed to inform Appellant, pursuant to R.C.2929.19(B)(3)(c), that he was subject to post-release control upon release from prison. We further find that the trial court failed to inform Appellant, pursuant to R.C. 2929.19(B)(c)(e), of the ramifications of violating said post-release control. Accordingly, the trial court erred because it failed to comply with R.C. 2929.19(B)(3)(c) (e) when it imposed sentence upon Appellant.
 {¶ 24} In sum, Appellant's argument in his sole assignment of error regarding the imposition of more than the minimum term of incarceration is waived. Appellant's argument regarding post-release control notification issues pursuant to R.C. 2929.19(B)(3)(c) (e) has merit. Appellant's argument regarding "bad time" is moot. The remaining issues of Appellant's sole assignment of error lack merit.
 III {¶ 25} Appellant's sole assignment of error is sustained in part and reversed in part. The judgment of the trial court is reversed and caused remanded for resentencing consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Boyle, J. concurs.