DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Patrick G. DiGiovanni, appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} Mr. DiGiovanni was indicted with several co-defendants on two counts of drug trafficking, in violation of R.C. 2925.03(A)(2), a third degree felony. Eventually, Mr. DiGiovanni pled guilty to one count of drug trafficking and the other charge was dismissed. Following a hearing, the trial court sentenced him to a two-year prison term, while the statutory minimum for this offense is one year. Mr. DiGiovanni timely appealed, asserting one assignment of error.
 II. Assignment of Error
"The trial court's sentence was contrary to law since it did not take into account fundamental sentencing principles, express sentencing criteria or make findings pursuant to Ohio revised Code Section2929.14(b)."
 {¶ 3} Mr. DiGiovanni contends that his sentence is contrary to law because the trial court failed to make the requisite findings pursuant to R.C. 2929.14, and therefore, this Court should modify his sentence. We disagree.
 {¶ 4} Mr. DiGiovanni pled guilty to R.C. 2925.03(A)(2), drug trafficking, which carries with it a mandatory prison sentence of not less than one year, and not more than five years. R.C. 2929.13(F)(5); R.C. 2929.14(A)(3). The court conducted a hearing and sentenced Mr. DiGiovanni to two years, as documented in a journal entry. Mr. DiGiovanni now complains that the trial court did not make the requisite findings on the record at the hearing, and therefore did not satisfy the statutory requirements for imposing more than the minimum sentence. See R.C.2929.14(B); State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 11. Mr. DiGiovanni does not present a substantive challenge to the legitimacy, accuracy or propriety of his sentence or its underlying bases; rather, he challenges only the procedure used to effectuate that sentence.
 {¶ 5} Where the trial court fails to state its findings and reasons on the record, i.e., aloud at the hearing, the defendant must raise a timely objection to the trial court in order to preserve that error for appeal, otherwise that objection is forfeited. State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 32. Mr. DiGiovanni and his counsel attended and participated in the sentencing hearing. When the trial court completed the sentencing without articulating these findings, they had the opportunity, the responsibility and the obligation to object to the omission in order to preserve it for appeal. They did not. That objection is now forfeited and need not be addressed when raised for the first time on appeal. The assignment of error is overruled.
 III. {¶ 6} Mr. DiGiovanni's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J., Concur