DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Kimani E. Ware has appealed his sentence imposed by the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On November 18, 2003, Appellant was indicted on nine criminal counts stemming from the attempted murder of his then-girlfriend, the kidnapping of her four children, and the rape of her then twelve-year-old daughter. Following a two day jury trial, Appellant was found guilty of one count of attempted murder, in violation of R.C. 2923.02 and R.C.2903.02(A); two counts of kidnapping, in violation of R.C. 2905.01(B)(2); one count of kidnapping, in violation of R.C. 2905.01(A)(4); two counts of rape, in violation of R.C. 2907.02(A)(1)(b); one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4); one count of attempted rape, in violation of R.C. 2923.02 and R.C. 2907.02(A)(1)(b); and one count of felonious assault, in violation of R.C. 2903.11(A)(2).
 {¶ 3} On June 25, 2004 Appellant was sentenced to three concurrent ten year terms of imprisonment for his kidnapping convictions. He was also sentenced to ten years imprisonment for his conviction of attempted murder; five years imprisonment for his conviction of attempted rape; and two life sentences for each conviction of rape. Appellant's three concurrent terms for kidnapping were to run first and consecutively to his terms for the remaining crimes. As stated, Appellant is not eligible for parole until the year 2048, when he will have served forty-five years of his sentence.
 {¶ 4} Appellant has appealed the trial court's imposition of sentence, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred in sentencing appellant to maximum terms of imprisonment and then in imposing consecutive sentences."
 {¶ 5} In his sole assignment of error, Appellant has argued that the trial court erred when it imposed sentence. Specifically, Appellant has argued that the trial court failed to make the requisite findings in support of imposing maximum sentences, and the requisite reasons in support of consecutive sentences.
 {¶ 6} It is well established that this Court reviews a trial court's imposition of sentence under the clear and convincing standard of review. State v. Geiger, 9th Dist. No. 22073, 2004-Ohio-7189, at ¶ 6, citing State v. Johnson, 9th Dist. No. 21665, 2004-Ohio-1231, at ¶ 10. An appellate court may not remand or modify a trial court's sentencing decision unless the appellate court finds, by clear and convincing evidence, that the sentence imposed by the trial court was contrary to law. R.C. 2953.08(G)(2); see, also, Geiger, at ¶ 6. "Clear and convincing evidence is that which produces a firm belief or conviction as to the allegations sought to be established in the mind of the trier of facts." (Citations and Quotations omitted.) Id.
 {¶ 7} This Court has previously held that if a trial court fails to state, on the record, its findings and reasons in support of non-minimum, maximum, or consecutive sentences, "the defendant must raise a timely objection to the trial court in order to preserve that error for appeal[.] [O]therwise[,] that objection is forfeited." State v.DiGiovanni, 9th Dist. No. 22242, 2005-Ohio-1131, at ¶ 5, citing Statev. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 32.
 {¶ 8} In the instant matter, our review of the transcript from Appellant's sentencing hearing indicates that Appellant was present with counsel at his sentencing hearing. Both Appellant and his attorney spoke to the Court regarding various issues relevant to the sentencing hearing, thus Appellant was clearly given the opportunity to bring any alleged sentencing errors to the trial court's attention and object to the trial court's failure to remedy any alleged errors. Because Appellant remained silent in the face of the alleged errors of which he now complains, he has forfeited any claim to said alleged errors.[1] As a result, Appellant's sole assignment of error lacks merit.
 III {¶ 9} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Reader, J. concur
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Although this Court has decided the instant appeal based upon the authority articulated in Riley, we note that the transcript from the trial court's sentencing hearing is replete with statements indicating the trial court's findings and reasons in support of maximum and concurrent sentences pursuant to R.C. Chapter 2929.