DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, James Woods, Jr., appeals the decision of the Summit County Court of Common Pleas sentencing him to the maximum sentence permitted by law for a fifth degree felony. We affirm the judgment of the trial court.
 {¶ 2} Defendant was charged with two counts of felony nonsupport of dependents. On July 19, 2004, Defendant withdrew a formerly entered plea of not guilty and entered into a guilty plea in exchange for one count of felony nonsupport being dismissed. The court sentenced Defendant to one year in prison.
 {¶ 3} Defendant now appeals his sentence, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The court erred by sentencing [Defendant] to the maximum sentence which is contrary to law."
 {¶ 4} In his only assignment of error, Defendant argues that the trial court erred in sentencing him to the maximum sentence for a fifth degree felony. The State argues that Defendant waived his right to assert any error because he failed to enter an objection at the sentencing hearing. We agree with the State and hold that Defendant waived any error by failing to bring the matter to the attention of the trial court at a time when the error could have been corrected.
 {¶ 5} In this case, the trial court did fail to engage in the required analysis before imposing the maximum sentence. However, Defendant failed to object to the sentencing procedure and bring any error to the attention of the court at that time.
 {¶ 6} "It is a basic premise that a defendant must bring an alleged error to the attention of the trial court at a time when the error can be corrected." State v. Mills, 9th Dist. No. 21751, 2004-Ohio-1750, at ¶ 4. Failure to object to sentencing errors constitutes a waiver of such errors. State v. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 27. In the case at bar, Defendant waived any sentencing error by his failure to bring that error to the attention of the trial court during the sentencing hearing, when it could have been corrected. State v. Geiger,
9th Dist. No. 22073, 2004-Ohio-7189, at ¶ 12.
 {¶ 7} We find that Defendant waived any sentencing error and thus, cannot pursue it for the first time on appeal. See Riley, 2004-Ohio-4889, at ¶ 27-30. Furthermore, Defendant has not argued plain error in this case. Consequently, we will not consider whether plain error exists. SeeState v. Knight, 9th Dist. No. 03CA008239, 2004-Ohio-1227, at ¶ 10.
 {¶ 8} We overrule Defendant's assignment of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, J., Reader, J., Concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)