DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Julian Beverly, appeals from his sentence imposed by the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Julian Beverly was charged with two counts of corrupting another with drugs, in violation of R.C. 2925.02(A)(4)(a); and one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04. He initially entered a plea of not guilty, but subsequently withdrew that plea and pleaded guilty to one count of corrupting another with drugs; and one count of unlawful sexual conduct with a minor. The second count of corrupting another with drugs was dismissed. Beverly was sentenced to 16 months on each count, to be served consecutively. Beverly timely appealed his sentence and assigned two errors for review.
 II. ASSIGNMENT OF ERROR I
"Whether the trial court's sentence was contrary to law since it did not take into account fundamental sentencing principles, express sentencing criteria, or make findings pursuant to ohio revised code section 2929.14(B)?"
 {¶ 3} In his first assignment of error, Beverly contends that the trial court failed to make the statutorily required findings at the sentencing hearing when it sentenced him to more than the minimum terms of incarceration.
 {¶ 4} In general, a reviewing court will not reverse a sentencing decision unless the court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. Statev. Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, ¶ 10, citing R.C. 2953.08. See, also, State v. Johnson, 9th Dist. No. 21665, 2004-Ohio-1231, ¶ 10 (sentencing decisions are reviewed under the clear and convincing standard of review). Clear and convincing evidence is evidence that produces a "firm belief or conviction as to the allegations sought to be established" in the mind of the trier of facts. State v. Eppinger
(2001), 91 Ohio St.3d 158, 164, 2001-Ohio-247, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, 477.
 {¶ 5} R.C. 2929.14(B) provides that if the offender has not previously served a prison term, the court shall impose the shortest prison term unless it finds on the record that the shortest prison term will either demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender. R.C. 2929.14(B). The basic prison term for a felony of the fourth degree is from six to 18 months. R.C. 2929.14(A)(4). With a sentence of 16 months on each count, Beverly was sentenced to more than the minimum sentence for fourth degree felonies.
 {¶ 6} A trial court is not required "to utter any `magic' or `talismatic' words, but it must be clear from the record that the court made the required findings." State v. White (1999), 135 Ohio App.3d 481,486. The statutorily required finding must be made on the record at the sentencing hearing. State v. Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165, at paragraph two of the syllabus. In the present case, the record of the sentencing hearing reveals that the trial court found appellant's sentence to be "necessary for the protection of the public."
 {¶ 7} The findings of the trial court satisfy the requirements of R.C. 2929.14(B) and Comer for exceeding the minimum prison terms. Accordingly, this Court finds that appellant has failed to demonstrate by clear and convincing evidence that the trial court acted contrary to law when it imposed a sentence that exceeded the minimum prison term. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"Whether the trial court properly imposed non-mandatory consecutive sentences under Ohio revised code section 2929.14?"
 {¶ 8} In his second assignment of error, Beverly contends that the trial court failed to comply with R.C. 2929.14 when it imposed consecutive sentences for his convictions of corrupting another with drugs and unlawful sexual conduct with a minor without setting forth the requisite findings and reasons supporting those findings at the sentencing hearing.
 {¶ 9} "[W]hen imposing consecutive sentences, a trial court must make its findings under R.C. 2929.14(E)(4) and give reasons supporting the findings under R.C. 2929.19(B)(2)(c) at the sentencing hearing." Statev. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 14, citing Comer at paragraph one of the syllabus. In order to sentence an offender to consecutive prison terms for multiple offenses, the trial court must first find "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C.2929.14(E)(4). In addition, the trial court must find that one of three statutory factors applies, including that the "offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C.2929.14(E)(4)(c). See, also Comer at ¶ 13. These findings must be made on the record at the sentencing hearing. Comer at paragraph one of the syllabus.
 {¶ 10} At the sentencing hearing in the present case, the trial court stated that appellant's sentence is "necessary for the protection of the public" and is "not disproportionate of the seriousness of the offense." The court further indicated that Beverly's "criminal history demonstrates [appellant's sentence is] necessary for the protection of the public."
 {¶ 11} R.C. 2929.19(B)(2)(c) also requires that the trial court must provide reasons in support of its findings. These reasons must be placed on the record of the sentencing hearing as well. Comer at paragraph one of the syllabus. In this regard, the trial court observed that this was not Beverly's first offense involving minors. In response to the argument of defense counsel below that the minors initiated the use of alcohol and pills, and that the minors asked to be picked up, the trial court explained that, as an adult, appellant must be responsible for his behavior with minors. The trial court stated that appellant's behavior was a type of "depravity" and "very difficult to understand." The trial court explained:
"The Court is not impressed with the fact that these juveniles initiated the use of alcohol and pills and were impaired in their judgment. It's the kind of foolish and immature conduct that children are capable of, and that's why we hold adults responsible. This kind of depravity, Mr. Beverly, is something — frankly, it's very difficult to understand."
 {¶ 12} The trial court made all the required findings and, additionally, stated its reasons, for choosing to sentence appellant to consecutive terms. The court buttressed its sentence with its recognition that appellant had a history that included a prior crime involving minors, that adults have a responsibility toward minors. The trial court, therefore, satisfied the mandates of R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c), and this Court cannot say the sentence is unsupported or otherwise contrary to law. Accordingly, appellant's second assignment of error is overruled.
 III. {¶ 13} Beverly's two assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J., Moore, J., concur.