DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Rebecca J. Searcy has appealed from her sentence imposed by the Summit County Court of Common Pleas. This Court affirms in part and reverses in part.
 I {¶ 2} On January 11, 2005, Defendant-Appellant Rebecca J. Searcy entered guilty pleas to the following charges: one count of burglary in violation of R.C. 2911.12(A)(1), a felony of the third degree; two counts of burglary in violation of R.C. 2911.12(A)(3), felonies of the third degree; two counts of theft in violation of R.C. 2913.02(A)(1), felonies of the fifth degree; one count of forgery in violation of R.C.2913.31(A)(3), a misdemeanor of the first degree; one count of theft from the elderly in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree; and one count of theft from elderly in violation of R.C.2913.02(A)(1), a felony of the fifth degree. Appellant also signed a written plea of guilty to the above charges.
 {¶ 3} On February 2, 2005, a sentencing hearing was held and the trial court pronounced the following sentence:
"On the two felonies of the third degree, I am sentencing you to three years in prison on each. I am suspending two of those years on each and you will have one year consecutive on each of your third degree felonies. You have six months on each of the fifth degree felonies to run consecutive. I have you have six month on the first degree misdemeanors to run concurrent."
The trial court subsequently informed Appellant that she would be in prison for three years. The trial court stated that it considered Appellant a danger to the community; that incarceration would not impose an unreasonable burden on the state or local resources; and that prison was necessary to protect the public and punish Appellant.
 {¶ 4} In a journal entry dated February 14, 2005, the trial court sentenced Appellant to three years incarceration for each of her three burglary convictions and six months incarceration on each of her remaining five convictions. The trial court found that consecutive sentences on the burglary convictions were necessary to protect the public and punish Appellant. Moreover, the trial court found that the sentence was not disproportionate to the crimes and the harm cause by Appellant was so great or unusual that a single term of incarceration did not adequately reflect the seriousness of her crimes. The trial court ordered that two of the three years imposed on each burglary count were suspended and that the sentences from the non-burglary convictions were to be served concurrently to each other and concurrent to the burglary sentences. Accordingly, Appellant's total sentence was three years incarceration.
 {¶ 5} Appellant has timely appealed her sentence, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES IS NOT SUPPORTED BY THE RECORD OR REQUIRED BY LAW."
 {¶ 6} In her sole assignment of error, Appellant has argued that the trial court erred in sentencing her. Specifically, Appellant has argued that the trial court failed to make the proper findings required to impose consecutive sentences and that the sentencing journal entry was inconsistent with the sentencing hearing.
 {¶ 7} An appellate court will not reverse a sentencing decision unless the court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, ¶ 10, citing R.C. 2953.08. See Statev. Johnson, 9th Dist. No. 21665, 2004-Ohio-1231, ¶ 10 (sentencing decisions are reviewed under the clear and convincing standard of review).
Consecutive Findings
 {¶ 8} Appellant has argued that the trial court failed to make the proper findings pursuant to R.C. 2929.19. This Court has previously held that if a trial court fails to state, on the record, its findings and reasons in support of consecutive sentences, "the defendant must raise a timely objection to the trial court in order to preserve that error for appeal[.] [O]therwise [,] that objection is forfeited." State v.DiGiovanni, 9th Dist. No. 22242, 2005-Ohio-1131, at ¶ 5, citing Statev. Riley, 9th Dist. No. 21852, 2004-Ohio-4880, at ¶ 32.
 {¶ 9} A review of the transcript from Appellant's sentencing hearing establishes that Appellant was present with counsel during the hearing. Accordingly, both Appellant and her attorney were given the opportunity to bring any alleged sentencing errors to the trial court's attention and object to the trial court's failure to remedy any alleged errors. Because Appellant remained silent and did not object to the alleged errors, of which she now complains, she has forfeited any claim to said errors. As a result, Appellant's sole assignment of error lacks merit as it relates to the imposition of consecutive sentences.
Sentencing Hearing
 {¶ 10} Appellant has argued that the sentencing trial transcript and the sentencing journal entry are inconsistent. We disagree. While there are differences with the elements of Appellant's sentence at the hearing and in the journal entry, the sentence imposed in each is the same, three years incarceration. The trial court did mistakenly state that Appellant only had two convictions for felonies of the third degree and it apparently misspoke when it stated that the six month sentences on her fifth degree felony convictions were to be served consecutively, rather than concurrently, from the third degree felony convictions. But, it is clear from the sentencing transcript's stated incarceration time of three years that the trial court knew Appellant had three convictions for felonies of the third degree and that the sentences on Appellant's other convictions were to be served concurrently to the sentences for those three third degree felony convictions. To interpret otherwise would subject Appellant to four years incarceration rather than the three years stated at the sentencing hearing and in the sentencing journal entry. Although there are some misstatements in the trial court's sentencing hearing, it is clear Appellant was sentenced to three years incarceration for her convictions, which is consistent with her sentence in the journal entry.
 {¶ 11} While we decline to find that the sentencing hearing and sentencing journal entry are inconsistent, we do find that the matter must be remanded for re-sentencing on one of Appellant's third degree felony burglary convictions because the trial court erred in sentencing Appellant.
 {¶ 12} Pursuant to Crim.R. 43(A), a "defendant shall be present at the arraignment and every stage of the trial, including * * * the imposition of sentence [.]" Crim.R. 43(A). "A trial court that imposes a sentence upon a defendant without the defendant being present, and such absence is not voluntary, commits reversible error." State v. McMillen, 9th Dist. No. 21425, 2003-Ohio-5786, at ¶ 36, citing State v. Welch (1978),53 Ohio St.2d 47, 48.
 {¶ 13} As previously discussed, the trial court stated at the sentencing hearing that Appellant had two third degree felony burglary convictions and imposed sentence on those convictions. In the sentencing journal entry journalized on February 14, 2005 the trial court correctly stated that Appellant had three third degree felony burglary convictions and imposed sentence on those convictions. It is clear from the record that Appellant was not present when she was sentenced on one of her third degree felony burglary convictions. Due to the trial court's failure to comply with Crim.R. 43(A), we find that the trial court erred in sentencing Appellant and therefore, her sentence on one of her third degree felony convictions is invalid and on remand the trial court shall sentence Appellant in accordance with Crim.R. 43(A).
 III {¶ 14} Appellant's sole assignment of error is overruled concerning the alleged errors in the imposition of consecutive sentences and sustained concerning the errors in the sentencing Appellant on her third burglary conviction. The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, P.J. Concurs.