DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Mindy Copley entered an Alford plea to one count of gross sexual imposition of a child under thirteen years old. The trial court accepted her plea, found her guilty of the offense, and sentenced her to five years in prison. Ms. Copley has appealed her sentence, arguing that the court failed to advise her properly under Section 2929.19(B)(3)(b) of the Ohio Revised Code and that it incorrectly found that she violated a "position of trust." This Court affirms because her argument about Section 2929.19(B)(3)(b) is moot and the trial court exercised proper discretion when it sentenced her.
 "BAD TIME" WARNING {¶ 2} Ms. Copley's first assignment of error is that the trial court failed to notify her that the parole board may extend her prison term for certain prison rule violations. Section 2929.19(B)(3)(b) of the Ohio Revised Code provides that, if the trial court determines that a *Page 2 
prison term is necessary or required, it shall "[n]otify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term."
 {¶ 3} Section 2967.11 of the Ohio Revised Code used to authorize the parole board to extend an inmate's prison sentence. In 2000, however, the Ohio Supreme Court held Section 2967.11 unconstitutional. State exrel. Bray v. Russell, 89 Ohio St. 3d 132, syllabus (2000). Following the Supreme Court's decision in Bray, this Court determined that, "because `bad time' is unconstitutional, the notification requirement as set forth in R.C. 2929.19(B)(3)(b) is moot." State v. Geiger, 9th Dist. No. 22073, 2004-Ohio-7189, at ¶ 20. "It follows that [an] argument that the trial court erred when it failed to notify . . . pursuant to R.C. 2929.19(B)(3)(b) . . . is moot." Id.
 {¶ 4} Last year, in State v. Southall, 9th Dist. No. 07CA0052,2008-Ohio-2491, at ¶ 39, this Court remanded for resentencing, in part, because the trial court did not properly advise the defendant under Section 2929.19(B)(3)(b). The prosecution in that case, however, failed to argue that the defendant's argument was moot under Bray andGeiger. Nevertheless, this Court holds that, to the extent thatSouthall held that a trial court must comply with Section 2929.19(B)(3)(b), it is overruled. Ms. Copley's first assignment of error is overruled.
 POSITION OF TRUST {¶ 5} Ms. Copley's second assignment of error is that the trial court incorrectly found that she had violated a "position of trust." According to the plurality in State v. Kalish, 120 Ohio St. 3d 23, 2008-Ohio-4912, at ¶ 26, this Court must apply a "two-step approach" when reviewing a criminal sentence. The first step is whether the sentence was contrary to law. Id. The second step is whether the court exercised proper discretion in imposing the term of imprisonment. Id. *Page 3 
 {¶ 6} Section 2929.12(A) provides that "a court that imposes a sentence . . . for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing. . . . In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct . . . and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." Regarding the factors set forth in Section 2929.12(B), "[t]he sentencing court shall consider" whether "(1) [t]he physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim, (2) [t]he victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense, (3) [t]he offender held a public office or position of trust in the community, and the offense related to that office or position,. . . . [and whether] (6) [t]he offender's relationship with the victim facilitated the offense." The court must also consider "any other relevant factors . . . indicating that the offender's conduct is more serious than conduct normally constituting the offense." R.C. 2929.12(B).
 {¶ 7} Ms. Copley has conceded that she was babysitting the child she had sexual contact with and that she had been "entrusted" to care for the child. She has argued, however, that a babysitter does not hold a position of trust "in the community." See State v. Lamb, 6th Dist. No. WD-03-054, 2004-Ohio-1974, at ¶ 21 (concluding R.C. 2929.12(B)(3)(b) does not apply to a babysitter because it "refers to a position of trust in the community, not the household.").
 {¶ 8} Even if Ms. Copley is correct, whether she held a position of trust was just one of several factors the trial court considered regarding the seriousness of her offense. In its judgment entry, the court wrote that "[t]he injury to the victim was worsened because of the age of the *Page 4 
victim, [t]he victim suffered serious psychological harm, [Ms. Copley] held a position of trust and the offense was related to that position of trust, [and] [t]he offense was facilitated by the offender's relationship with the victim." Ms. Copley has not contested that the child's injury was worse because of the child's age, that the child suffered serious psychological harm, or that her relationship with the child facilitated the sexual contact. This Court has reviewed the record and concludes that, under the facts of this case, those factors alone are sufficient to support the maximum sentence imposed by the trial court. The trial court exercised proper discretion when it sentenced Ms. Copley. Her second assignment of error is overruled.
 CONCLUSION {¶ 9} The trial court did not have to inform Ms. Copley of the consequences of misbehavior in prison and it exercised proper discretion when it sentenced her. The judgment of the Wayne County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 5 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to appellant.
CARR, J. WHITMORE, J. CONCUR *Page 1