DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Jeffrey House, appeals from his sentence imposed by the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On March 5, 2003 and April 30, 2003, appellant was indicted on five counts of rape involving a victim less than ten years of age, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; four counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1), felonies of the second degree; and one count of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(5), a felony of the fourth degree. Appellant entered a plea of not guilty to the charges.
 {¶ 3} On March 11, 2004, appellant appeared before the trial court to enter a change of plea. The State moved to amend the indictment in regard to the five counts of rape to indicate that the victim was less than thirteen years old, rather than less than ten. The statutory code section of the charges remained the same. This modification of the charges reduced the possible penalty associated with the rape offenses from mandatory imprisonment for life to terms of imprisonment from three to ten years. In exchange for the State's modification of the five counts of rape to remove the mandatory penalty of life in prison, appellant entered a guilty plea to all ten counts pursuant to North Carolina v. Alford
(1970), 400 U.S. 25, 27 L.Ed.2d 162.
 {¶ 4} On March 29, 2004, appellant appeared before the trial court and stipulated to a classification as a sexual predator, pursuant to R.C.2950.09. The matter then proceeded to sentencing.
 {¶ 5} Appellant remained silent at sentencing. The trial court judge informed appellant that he had reviewed the sentencing laws, presentence investigation report, victim impact statement, and various photographs. The trial court further heard the victim's father's statement and the State's request in regard to sentencing. The trial court sentenced appellant to the maximum term of imprisonment on all ten counts, such terms to be served consecutively to one another, for a total of eighty-three and one-half (83½) years in prison. Appellant timely appeals his sentence, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The maximum consecutive prison sentences imposed by the trial court were contrary to law, where the court permitted and accepted appellant'sAlford pleas and then improperly Caonsidered those Alford pleas as evidence of a lack of remorse under the statutory felony sentencing guidelines."
 {¶ 6} Appellant argues that the trial court erred in sentencing appellant to maximum consecutive prison terms, because the trial court improperly considered appellant's Alford plea as evidence of appellant's lack of remorse in regard to the statutory felony sentencing guidelines. This Court disagrees.
 {¶ 7} "Sentencing decisions made by a trial court are reviewed under the clear and convincing standard of review." State v. Johnson, 9th Dist. No. 21665, 2004-Ohio-1231, at ¶ 10. Therefore, this Court may not modify or remand a sentencing decision imposed by the trial court, unless this Court finds, by clear and convincing evidence, that the sentence imposed by the trial court was contrary to law. R.C. 2953.08(G)(2); Statev. Houston, 9th Dist. No. 21551, 2003-Ohio-6119, at ¶ 4. Clear and convincing evidence is that degree of proof that produces in the mind of the trier of fact a "firm belief or conviction as to the allegations sought to be established." State v. Eppinger (2001), 91 Ohio St.3d 158,164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 8} "When imposing a felony sentence, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender." State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 11; see, also, R.C. 2929.11(A). Within that context, the trial court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). In addition, any sentence imposed for a felony must be reasonably calculated to achieve the purposes of felony sentencing, while remaining "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim [.]" R.C. 2929.11(B).
 {¶ 9} Before imposing a felony sentence, the trial court must consider the statutory factors relating to the seriousness of the criminal conduct and the likelihood of the offender's recidivism, i.e., how likely the offender is to commit future crimes. R.C. 2929.12(A). In considering how likely the offender is to commit future crimes, the trial court must consider, among other things, whether or not the offender shows genuine remorse for the offense. R.C. 2929.12(D) and (E). In considering whether to impose the maximum term authorized, the trial court must consider, among other things, whether the offender is one who poses the greatest likelihood of committing future crimes. R.C. 2929.14(C). In considering whether to impose consecutive prison terms, the trial court must consider, among other things, whether consecutive terms are necessary to protect the public from future crime. R.C. 2929.14(E). Therefore, a determination by the trial court that maximum and/or consecutive terms of imprisonment are warranted requires a consideration of how likely the offender is to reoffend, which requires the trial court to consider the offender's remorse.
 {¶ 10} In this case, the trial court determined that appellant showed no remorse in regard to the offenses, specifically noting that the offender maintained that he "didn't do this thing." While noting that appellant had the right to adopt that position based on his entering of anAlford plea, the trial court determined that appellant's tacit assertion of innocence was a demonstration of a lack of remorse. The trial court reasoned that, because appellant denied any wrongdoing, he would not submit to any treatment. The court continued that, without treatment, appellant is the kind of offender who poses the greatest likelihood of recidivism. Although the trial court enunciated numerous other factors applicable to a determination that both maximum and consecutive prison terms were warranted, it is clear that the trial court relied, in part, on appellant's lack of remorse as demonstrated by his assertion of innocence pursuant to the Alford plea in its decision to impose both maximum and consecutive terms.
 {¶ 11} Appellant argues that, because his guilty plea was accompanied by his maintained assertion of innocence as permitted under Alford, the trial court erred by using that plea as evidence of a lack of remorse. Appellant only agreed to plead guilty, because the rape charges had been modified to preclude the mandatory imposition of terms of imprisonment for life.
 {¶ 12} The Sixth District Court of Appeals has thoughtfully addressed the propriety of the trial court's consideration of an offender's lack of remorse, where the offender entered a guilty plea pursuant to Alford:
"While it is true that under North Carolina v. Alford a defendant is permitted to plead guilty to a negotiated reduced charge while maintaining his or her innocence, such a plea does not bind a sentencing court to accept that the defendant is, in fact, not guilty of the more serious offense. * * *
"An Alford plea is an accommodation plea motivated by a defendant's desire to obtain a lesser penalty or fear of the consequences of a jury trial, or both. State v. Piacella (1971), 27 Ohio St.2d 92, syllabus. Nevertheless, the Alford plea is nothing more than a species of a guilty plea. State v. Carter (1997), 124 Ohio App.3d 423, 429. While the plea limits the court's sentencing options to those available for a person guilty of the lesser offense, it does not obligate the court to wear blinders when considering sentencing options. Consequently, the sentencing court can properly consider the defendant's `lack of remorse' in fashioning the defendant's sentence." State v. Wilson, 6th Dist. No. OT-02-037, 2003-Ohio-3090, at ¶¶ 5-6.
 {¶ 13} The Second District Court of Appeals has also held that "lack of remorse is an appropriate consideration for sentencing, even for a convicted defendant who maintains his innocence." State v. Farley, 2d Dist. No. 2002-CA-2, 2002-Ohio-6192, at ¶ 54. This Court concurs and hereby holds that the trial court may properly consider a criminal defendant's lack of remorse, where the offender has pled guilty while maintaining his innocence pursuant to North Carolina v. Alford.
Therefore, the trial court's determinations, first, that appellant demonstrated no remorse because he entered his guilty plea while maintaining his innocence and, second, that appellant's lack of remorse helped substantiate his likelihood of recidivism were permissible under law.
 {¶ 14} Further, this Court finds that there was sufficient evidence and that the trial court properly substantiated the imposition of both maximum and consecutive prison terms for appellant, even without consideration of appellant's lack of remorse. Therefore, even assuming that the trial court's determinations regarding appellant's lack of remorse under these circumstances were error, such error was harmless.
 {¶ 15} Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "Where evidence has been improperly admitted in derogation of a criminal defendant's constitutional rights, the admission is harmless `beyond a reasonable doubt' if the remaining evidence alone comprises `overwhelming' proof of defendant's guilt." State v. Williams
(1983), 6 Ohio St.3d 281, 290, citing Harrington v. California (1969),395 U.S. 250, 254, 23 L.Ed.2d 284. In this case, the trial court enunciated sufficient statutory determinations beyond appellant's lack of remorse to substantiate the imposition of maximum and consecutive prison terms.
 {¶ 16} In support of its imposition of the maximum terms, the trial court found that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime, pursuant to R.C. 2929.14(B); and that the offenses committed represent the worst form of the offense and that appellant poses the greatest likelihood of committing future crime, pursuant to R.C. 2929.14(C). The trial court set forth five reasons in addition to appellant's lack of remorse to substantiate these findings, including (1) that the victim was 4-7 years of age, so that if convicted of the original rape charges, appellant would have received a mandatory life sentence; (2) that the criminal acts against the child victim constituted repeated anal, vaginal and oral rape; (3) that appellant photographed the sexual acts and posted them on the internet, so that the child might be violated repeatedly by others who share appellant's perversion; (4) that appellant "groomed" the child victim for violation by exposing her to images of other children having sex with adult men and by using the victim's "Barbie" camera to photograph the criminal acts with the child; and (5) that the images in the photographs demonstrate that the crime is the worst form of the offense.
 {¶ 17} This Court has reviewed the entire record, including the presentence investigation report and the photographs of the criminal acts against the victim. The photographs depict explicit, horrific sexual violations of the child victim. Appellant used the victim's own "Barbie" camera to facilitate the offenses and then posted the photographs on the internet for his continued perverse pleasure and the perverse pleasure of others. The child victim thus stands to be violated repeatedly in the future due to this exposure on the internet. In addition, appellant victimized his own step-granddaughter, exploiting their close relationship and violating the child's trust. Further, appellant maintained a diary in which he admitted to inappropriately touching the child victim's "bottom," including the child's "butt to between her legs." Appellant continued in his diary that this was a "very wrong move on my part. Hope that I didn't hurt her mind any." Based on our review, this Court finds that there is clear and convincing evidence to substantiate the trial court's reasons that the shortest prison term would demean the seriousness of appellant's conduct and not adequately protect the public from future crime and that appellant committed the worst form of the offenses, even when disregarding any findings regarding appellant's lack of remorse.
 {¶ 18} In support of its imposition of consecutive terms, the trial court found pursuant to R.C. 2929.14(E)(4) that consecutive sentences were necessary to protect the public from future crime and to appropriately punish appellant; that consecutive sentences were not disproportionate; and that the harm caused by appellant's multiple offenses was so great and unusual that a single prison term would not adequately reflect the seriousness of appellant's conduct. In support of consecutive terms, the trial court restated all the reasons enunciated above in support of maximum terms of imprisonment and enunciated one additional reason. The trial court reasoned that if appellant was sentenced to concurrent terms, he would be released when the victim was only seventeen years old. The trial court continued that it would be unjust to impose such a sentence; because the victim's injuries, due to the nature of the offenses, will not have become fully apparent to her until she reaches adulthood.
 {¶ 19} Based again on our review of the entire record, this Court finds that there is sufficient evidence to substantiate the trial court's reasons that consecutive sentences are necessary to protect the public from future crime and to appropriately punish appellant; that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger the offender poses to the public; and that the harm caused by appellant's multiple offenses is so great and unusual that no single prison term for any of the offenses adequately reflects the seriousness of appellant's conduct, even when disregarding any findings regarding appellant's lack of remorse. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The imposition of maximum consecutive prison sentences totaling over eighty-three years, for multiple offenses which did not include the elements of death or serious physical harm to the sole victim, constitutes cruel and unusual punishment in violation of the united states and ohio constitutions."
 {¶ 20} Appellant argues that his sentence of eighty-three and one-half years is unconstitutionally cruel and unusual, because the offenses did not involve elements of death or serious physical harm; because there was only one victim; because the victim was shielded from the burden of testifying due to appellant's entering a plea; and because there was no force involved in the multiple rapes as they were merely "statutory rapes" due to the child's age.
 {¶ 21} The Ohio Supreme Court, in reviewing the prohibitions against cruel and unusual punishment contained in the federal and Ohio constitutions, has determined that "cases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person." State v. Weitbrecht (1999), 86 Ohio St.3d 368, 371, quotingMcDougle v. Maxwell (1964), 1 Ohio St.2d 68, 70. See, also, State v.Zudell (July 26, 2000), 9th Dist. No. 99CA007477. In addition, "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." Weitbrecht, 86 Ohio St.3d at 371, quoting McDougle, 1 Ohio St.2d at 70.
 {¶ 22} This Court has already reviewed the sentences imposed and determined that they were permitted by law and supported by the record. This Court cannot conclude that the imposition of consecutive maximum sentences for the numerous counts of rape and pandering sexually oriented matter involving a minor committed by appellant against his own young step-granddaughter over a period of several years constitutes "sanctions which under the circumstances would be considered shocking to any reasonable person." Id. Appellant's second assignment of error is overruled.
 III. {¶ 23} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, which sentenced appellant to maximum, consecutive terms of imprisonment, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J., Concurs.