OPINION
{¶ 1} Defendant-appellant Roger Black appeals his sentence entered by the Licking County Court of Common Pleas, on two counts of rape, in violation of R.C. 2907.02 (A)(2); and one count of gross sexual imposition, in violation of R.C. 2907.05 (A)(1), after the trial court found appellant guilty upon his entering Alford pleas of no contest to the charges. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 7, 2004, 16-year-old Ashley Oiler was walking to school when appellant grabbed her from behind. The victim and appellant did not know one another. Over the course of the next 4 hours, appellant engaged in various sexual conduct and contact with the victim, including oral sex, vaginal intercourse, and anal intercourse. Appellant showed the victim a knife, but did not directly threaten her. Only after appellant fell asleep was the victim able to get away from him. On October 15, 2004, the Licking County Grand Jury indicted appellant on the aforementioned charges.[1] Appellant entered a plea of not guilty to the charges at his arraignment on October 25, 2004. The trial court appointed Attorney David Stansbury as counsel for appellant. The matter proceeded through the discovery process.
 {¶ 3} On March 1, 2005, appellant appeared before the trial court, waived his right to a jury trial, and entered Alford pleas of no contest to the charges. The trial court accepted appellant's Alford pleas and found him guilty as charged. The trial court ordered a pre-sentence investigation and deferred sentencing pending the receipt of the PSI.
 {¶ 4} On April 6, 2005, the trial court sentenced appellant to a term of imprisonment of eight years on each of the two counts of rape, and a one year term on the one count of gross sexual imposition. The trial court ordered the sentences to run concurrently for an aggregate term of eight years. The trial court memorialized this sentence via Judgment Entry filed April 6, 2005.
 {¶ 5} It is from this sentence appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE TRIAL COURTS IMPOSITION OF SENTENCE WAS CONTRARY TO LAW WHERE ALFORD PLEAS WERE USED AS EVIDENCE TO SHOW LACK OF REMORSE."
 I {¶ 7} Sentencing decisions made by a trial court are reviewed under the clear and convincing standard of review. State v. Leeper, Delaware App. No. 2004CAA07054, 2005-Ohio-1957. An appellate court may take any action authorized by R.C. 2953.08, if it clearly and convincingly finds either of the following: "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929 .20 of the Revised Code, whichever, if any, is relevant; "(b) That the sentence is otherwise contrary to law."
 {¶ 8} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Ross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 9} When reviewing a sentence imposed by the trial court, the applicable record to be examined by the appellate court includes the following: (1) the pre-sentence investigation report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3). The sentence imposed by the trial court should be consistent with the overriding purposes of felony sentencing, ie., "to protect the public from future crime by the offender" and "to punish the offender."
 {¶ 10} Pursuant to R.C. 2929.14, a trial court may impose a prison term of three to ten years for a felony of the first degree. Herein, the trial court sentenced appellant to a total of 8 years; therefore, the trial court was required to find "on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. § 2929.14(B)(2).
 {¶ 11} In the instant action, appellant argues the trial court used his Alford pleas as evidence he showed no remorse for his actions. Appellant specifically refers to the trial court's remark: "You have expressed no remorse, no responsibility or ownership to what you've done." Tr. at 14.
 {¶ 12} In State v. House, Medina App. No. 04CA0065-M, 2005-Ohio-2397, the Ninth District Court of Appeals addressed the identical argument, noting: "The Sixth District Court of Appeals has thoughtfully addressed the propriety of the trial court's consideration of an offender's lack of remorse, where the offender entered a guilty plea pursuant to Alford:
 {¶ 13} "`While it is true that under North Carolina v. Alford a defendant is permitted to plead guilty to a negotiated reduced charge while maintaining his or her innocence, such a plea does not bind a sentencing court to accept that the defendant is, in fact, not guilty of the more serious offense. * * *
 {¶ 14} "`An Alford plea is an accommodation plea motivated by a defendant's desire to obtain a lesser penalty or fear of the consequences of a jury trial, or both. State v. Piacella (1971), 27 Ohio St.2d 92,271 N.E.2d 852, syllabus. Nevertheless, the Alford plea is nothing more than a species of a guilty plea. State v. Carter (1997),124 Ohio App.3d 423, 429, 706 N.E.2d 409. While the plea limits the court's sentencing options to those available for a person guilty of the lesser offense, it does not obligate the court to wear blinders when considering sentencing options. Consequently, the sentencing court can properly consider the defendant's `lack of remorse' in fashioning the defendant's sentence.' State v. Wilson, 6th Dist. No. OT-02-037, 2003-Ohio-3090, at ¶¶ 5-6.
 {¶ 15} "`The Second District Court of Appeals has also held that "lack of remorse is an appropriate consideration for sentencing, even for a convicted defendant who maintains his innocence.' State v. Farley, 2d Dist. No. 2002-CA-2, 2002-Ohio-6192, at ¶ 54. This Court concurs and hereby holds that the trial court may properly consider a criminal defendant's lack of remorse, where the offender has pled guilty while maintaining his innocence pursuant to North Carolina v. Alford.
Therefore, the trial court's determinations, first, that appellant demonstrated no remorse because he entered his guilty plea, while maintaining his innocence; and, second, that appellant's lack of remorse helped substantiate his likelihood of recidivism were permissible under law." Id. at ¶ 12-13.
 {¶ 16} We agree with the rationale in House and find appellant's assignment of error not well taken.
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} The judgment of the Licking County Court of Common Pleas is affirmed.
Hoffman, J. Boggins, P.J. and Gwin, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant was also indicted on one count of abduction. This charge was subsequently dismissed as a result of appellant's filing a successful motion to suppress.