DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Bryan S. Sparks, appeals a judgment of the Summit County Court of Common Pleas, which resulted in his conviction and sentence for the rape and corruption of a young boy. This Court affirms in part and reverses in part.
 I. {¶ 2} In May 1993, the 29-year-old appellant befriended the victim's mother and established a paternal-type relationship with the victim, at that time a 9-year-old boy. This boy referred to the appellant as "Uncle Bryan" and spent considerable time at appellant's apartment, including overnight visits. Soon, appellant began to engage in sex with the boy, first fondling the boy's genitals and performing fellatio, and later coercing the boy to fondle his genitals and perform fellatio in return. The victim explained that he had viewed the appellant as an authority figure, that he had been "young and stupid," and that he naively believed that he had to accede to that authority.
 {¶ 3} During the ensuing ten year span, appellant engaged in this type of reciprocal oral sex with this boy over 200 times. According to the boy's account, appellant had attempted anal sex with the boy, but had never been able to penetrate. However, appellant continued to seek and obtain masturbation and oral sex throughout the boy's adolescence, until 2002, when the boy was 19 years old.
 {¶ 4} In 2002, appellant was arrested on a seemingly unrelated charge involving pornography, and a search warrant was issued for his apartment. At that time, the boy contacted the police, seeking only to retrieve some personal items from appellant's sealed apartment. When asked by police to aid the investigation by discussing appellant, the boy agreed and disclosed the 10-year sexual ordeal. During this disclosure, the 19-year-old victim became quite upset, crying and visibly shaking in the presence of his girlfriend and the investigating officer.
 {¶ 5} Among numerous charges, appellant was indicted for rape in violation of R.C. 2907.02(A)(1)(b), a first degree felony; rape in violation of R.C. 2907.02(A)(2), a first degree felony; corruption of a minor in violation of R.C. 2907.04, a third degree felony; corruption of a minor in violation of R.C. 2907.04, a fourth degree felony; and illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a fourth degree misdemeanor. He pled not guilty and the case proceeded to trial. After six days of bench trial, the court convicted appellant of each of these counts. However, appellant was also acquitted of two counts of illegal use of a minor in nudity oriented performance or material, two counts of pandering obscenity involving a minor, two counts of pandering sexually oriented matter involving a minor, and one count of pandering obscenity.
 {¶ 6} Subsequently, the court sentenced appellant to a life term for the first rape count, a ten year term for the second rape count, a four year term for the corruption of a minor counts, and 30 days for the possession count, with the life term and ten year term ordered to be served consecutively. Appellant has timely appealed, raising six assignments of error. Certain assignments of error have been consolidated to facilitate this review.
 II. ASSIGNMENT OF ERROR I
"Appellant's conviction of two counts of rape and two counts of corruption of a minor were contrary to the manifest weight of the evidence."
 ASSIGNMENT OF ERROR II
"The trial court erred in failing to grant appellant's criminal rule 29 motion to dismiss the two counts of rape and two counts of corruption of a minor following the conclusion of the state's case."
 ASSIGNMENT OF ERROR VI
"The trial court erred in imposing a life sentence on the rape charge, as force was not established."
 {¶ 7} Appellant asserts that his conviction is insupportable due to conflicting and contradictory testimony, the lack of physical evidence, and the fact that the victim did not disclose the sexual encounters for almost ten years. Furthermore, appellant specifically asserts that the State failed to prove the necessary element of force, as required for both the conviction and the sentence. This Court disagrees.
 {¶ 8} Reversal on manifest weight grounds is reserved for the exceptional case where the evidence demonstrates that the "trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed." State v. Otten (1986),33 Ohio App.3d 339, 340. Accord State v. Thompkins (1997),78 Ohio St.3d 380, 387. A conviction may be upheld even when the evidence is susceptible to some possible, plausible, or even reasonable theory of innocence. See State v. Jenks (1991), 61 Ohio St.3d 259, 272. Similarly, on conflicting testimony, "a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757.
 {¶ 9} Sufficiency of the evidence and weight of the evidence are legally distinct issues. Thompkins, 78 Ohio St.3d at 386. The test for sufficiency is whether the prosecution met its burden of production; manifest weight tests whether the prosecution met its burden of persuasion. Id. at 386-88. However, a finding that a conviction is supported by the weight of the evidence necessarily includes a finding of sufficiency. See id. at 388. "Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
 {¶ 10} In his appellate brief, appellant never offers an alternative explanation or a cogent theory to reconcile the victim's accusations and the State's testimony. Rather, he merely insists, albeit repeatedly, that contradictions and inconsistencies render the State's evidence unbelievable. As a further attack on the victim's credibility, appellant emphasizes that the victim remained silent for the ten years of the allegedly ongoing sexual encounters. Finally, he suggests that the absence of any medical examination or direct physical evidence proves that his conviction was against the manifest weight of the evidence. This Court is not persuaded.
 {¶ 11} This Court will not reverse a conviction merely on inconsistencies in the victim's statements, because "the weight to be given the evidence and the credibility of witnesses are primarily for the trier of the facts." In re Spence (Mar. 28, 2001), 9th Dist. No. 99CA007522, quoting State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Furthermore, in sex offense cases, this and other courts have consistently held that the testimony of the victim, if believed, is sufficient to support a conviction, even without further corroboration. State v. Matha (1995), 107 Ohio App.3d 756, 759, citing State v. Lewis (1990), 70 Ohio App.3d 624, 638. See State v.Economo (1996), 76 Ohio St.3d 56, syllabus. Based on a review of the record, this Court finds it reasonable that the trial court could have believed the testimony and evidence proffered by the State.
 {¶ 12} At trial, appellant argued that the State's testimony, particularly the victim's, was inconsistent and simply not worthy of belief. Tactically, his attempts to attack the credibility of the State's witnesses appear ineffective, while his own character witnesses were severely discredited by the State. Based on our review, the mere fact that the court chose to disbelieve the defense argument, and instead chose to believe the State's case, is insufficient to find that the judge lost her way or created a manifest miscarriage of justice. See Gilliam at 4; Otten, 33 Ohio App.3d at 340; Thompkins, 78 Ohio St.3d at 387. Rather, it is reasonable that the judge believed the State's version of the events and thereby rejected appellant's. This Court finds that appellant's argument lacks merit and concludes that appellant's first two assignments of error are overruled.
 {¶ 13} Regarding appellant's specific contention that the State failed to prove force necessary to sustain a rape conviction, this Court is equally unpersuaded. Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A). However, the Ohio Supreme Court has explained that the force "need not be overt and physically brutal, but can be subtle and psychological," when an adult in a position of authority rapes a child under the age of thirteen. State v. Dye (1998), 82 Ohio St.3d 323,327.
 {¶ 14} In the present case, appellant was an authority figure, almost a surrogate father to the boy. He was routinely entrusted to care for the boy by the boy's mother who instructed the boy to listen and obey, and the acts occurred while the boy was a guest in appellant's home. The boy referred to the much older and larger man as "Uncle Bryan" and testified that he felt he could not resist appellant's fondling of his genitals and fellatio just as he felt compelled to fondle "Uncle Bryan's" genitals and perform fellatio when instructed to do so. The trial court found sufficient evidence of force to support the convictions. Based on the evidence in the record, this finding appears reasonable. Appellant's argument lacks merit and his sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court's sentence on the rape charge was contrary to law since it did not take into account fundamental sentencing principles, express sentencing criteria, or make findings pursuant to Ohio Revised Code Section 2929.14(b)."
 ASSIGNMENT OF ERROR IV
"Whether the trial court properly imposed non-mandatory consecutive sentences under Ohio Revised Code Section 2929.14."
 {¶ 15} Appellant asserts, and the State agrees, that the ten year sentence on the second rape count, ordered to run consecutive to the life sentence on the first rape count, is insupportable and warrants re-sentencing. This Court agrees.
 {¶ 16} At the sentencing hearing, the trial court sentenced appellant to a term of five to ten years on the second rape count (Count II), which was a first degree felony. However, the statutory minimum sentence on a first degree felony is three years. See 2929.14(A)(1). It is fundamental to Ohio's sentencing scheme that the sentencing court must begin with a consideration of the minimum sentence and justify a departure. See Statev. Jones (2001), 93 Ohio St.3d 391, 398. The trial court erred in beginning with a five year minimum. Similarly, the State notes that this five to ten year sentence reflects former 2929.11(B)(1), rather than the current law. Appellant should have been sentenced under current law.
 {¶ 17} Furthermore, in the subsequent journal entry, the trial court sentenced appellant to a flat term of ten years, which is the maximum sentence under the statute. See 2929.14(A)(1). Effectively, by imposing a sentence in the judgment entry that is larger than that imposed at the sentencing hearing, the trial court improperly increased the sentence outside the presence of appellant. See State v. Johnson, 9th Dist. No. 21665, 2004-Ohio-1231, ¶ 7-8. This was improper.
 {¶ 18} This Court finds the assigned error to be well taken and concludes that the errors in this aspect of the case warrant remand for re-sentencing on Count II, the second rape count. Appellant's third and fourth assignments of error are sustained as they pertain to the second count of rape.
 ASSIGNMENT OF ERROR V
"The trial court erred in allowing instances of prior acts to be introduced."
 {¶ 19} Appellant asserts that the trial court abused its discretion by admitting the testimony of Detective David Van Pelt regarding appellant's prior bad acts involving disseminating sexual materials to juveniles, because that testimony was, in actuality, offered by the State to show his criminal propensity, and suggests a mere pretext of proving a common scheme or plan. This Court disagrees.
 {¶ 20} A trial court's admission of evidence is reviewed for abuse of discretion. State v. Ahmed, 103 Ohio St.3d 27, 2004-Ohio-4190, at ¶ 79. An abuse of discretion is more than an error of law or judgment; it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Importantly, under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 21} The Ohio Rules of Evidence generally proscribe the admission of character evidence, such as prior bad acts, stating:
"Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B). See, also, R.C. 2945.59.
Reversal for admission of such evidence, however, also requires a showing of prejudice. State v. Galloway (Jan. 31, 2001), 9th Dist. No. 19752. See Crim.R. 52(A) (harmless error).
 {¶ 22} As this was a bench trial, the trial court judge decided both the admissibility of this evidence and the ultimate weight of the evidence in reaching the verdict on each of the fourteen charges. This contested testimony, as was offered by Detective Van Pelt, pertained to the charges of disseminating sexual materials to juveniles, the particular offenses on which appellant was, in fact, acquitted. Therefore, appellant cannot show prejudice and cannot overcome a finding that the admission was at most harmless error. See Akron v. Fowler, 9th Dist. No. 21327, 2003-Ohio-2844, at ¶ 7. This Court finds that appellant's argument lacks merit and concludes that appellant's fifth assignment of error is overruled.
 III. {¶ 23} Appellant's third and fourth assignments of error are sustained, and the remaining assignments of error are overruled. The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Batchelder, J. Moore, J. concur